UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TROY ANTHONY FRANCIS GORDON,

                Petitioner,

                                                  **Hon. Hugh B. Scott**

        v.

                                                  08CV508S

                                                  **Report**
                                                  **&**
MARTIN HERRON, et al.,                    **Recommendation**

                Respondents.
_____

       This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 12). The instant matter before the Court is the Petition for Habeas Corpus (Docket No. 1) and petitioner's motion for expedited hearing (Docket No. 11).

## BACKGROUND

       Petitioner is a native of Jamaica and claims to be a lawful permanent resident of the United States since July 4, 1975 (Docket No. 1, Pet. ¶¶ 15, 1). Petitioner's parents, two brothers, three sisters, and his eight-year old daughter (and ex wife) are United States citizens (Docket No. 1, Pet. ¶¶ 1, 15). Petitioner has been in Immigration and Customs Enforcement ("ICE") custody since July 19, 2007, upon his release from New York State's correctional custody (see Docket No. 9, Resp'ts Memo. at 9).

       On November 18, 1988, petitioner was convicted of fourth degree possession of a controlled substance in New York State court, and petitioner was issued an Order to Show Cause and was placed in deportation (Docket No. 1, Pet. ¶ 17). On December 4, 1991, the Immigration

Judge ordered petitioner's removal and found that he had abandoned his § 212(c) application; the Board of Immigration Appeals dismissed his appeal as untimely (id.).  Petitioner, with new counsel, filed with the Immigration Judge a motion to reopen based on ineffective assistance of counsel; the judge denied that motion on March 3, 1993 (id. ¶ 18).  On appeal to the Board of Immigration Appeals, the Board remanded the case to the Immigration Judge (id.).  The Immigration Judge then rejected petitioner's § 212(c) application because he was not eligible for such relief pursuant to Matter of Soriano, 19 I. & N. Dec. 764 (BIA 1988) and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  On appeal again to the Board of Immigration Appeals, the Board remanded proceedings to the Immigration Judge, holding that the restrictions on § 212(c) relief did not apply retroactively (id.).  On August 28, 2003, the Immigration Judge ordered petitioner's deportation and denied his § 212(c) application (id.).  On petitioner's appeal, the Board of Immigration Appeals dismissed his appeal (id.).  On April 16, 2007, petitioner filed a motion to reopen and for an emergency stay of deportation based upon his eligibility to receive derivative citizenship through his parents (id. ¶ 19).  The Board of Immigration Appeals denied this latest motion on July 30, 2007; petitioner filed a Petition for Review of this decision on August 28, 2007 (id.).

Meanwhile, the United States Court of Appeals for the Second Circuit rendered its decision in Poole v. Mukasey, 522 F.3d 259 (2d Cir. 2008), which petitioner claims supports his derivative citizenship claim (id. ¶ 20).  Petitioner then filed a Motion to Reopen with the Board of Immigration Appeals and, on June 19, 2008, the Second Circuit issued an Order placing his Petition for Review in abeyance pending adjudication by the Board of Immigration Appeals of the Motion to Reopen (id.).

Petitioner has been incarcerated in ICE custody while these latest proceedings have occurred. Petitioner contends that he was never given a hearing concerning whether he should be detained (id. ¶ 22). But petitioner's custody status was reviewed on October 28, 2007, and he received a decision (on November 27, 2007) stating that he should remain in custody due to petitioner's past criminal record (id. ¶ 24, Exs. 1, 2). Petitioner complains that ICE never conducted an interview, in contravention of its regulations (id. ¶ 25, citing 8 C.F.R. § 241.4(i)(3)). Petitioner argues that he is not deportable because of his parents' citizenship (Docket No. 1, Pet. ¶¶ 33-36). He contends that his over one year long detention exceeds the brief and reasonable statutory period (id. ¶¶ 37-39). Petitioner next alleges due process violations (id. Third Cause of Action[1], ¶¶ 45-48) and that his detention violates the Eighth Amendment (id. ¶¶ 49-52).

Respondents contend that the stay issued by the Second Circuit interrupted the ninety-day statutory removal period and that this period will not recommence until the stay is lifted (Docket No. 9, Resp'ts Memo. at 2), see 8 U.S.C. § 1231(a)(1)(B)(ii). They contend that petitioner became available for removal once he was released from New York State custody, in July 19, 2007, however as of December 27, 2007, a court-ordered stay was placed on petitioner's removal (id. at 9 & n.3; Docket No. 8, Resp'ts Ans., Decl. of George Scott ¶ 24, Ex. A at 56-57) that still in place (Docket No. 9, Resp'ts Memo. at 9-10), see Gordon v. Gonzales, No. 07-3691-ag (2d Cir.)[2]. They claim that petitioner has no legal or factual basis to conclude that he would be

---

[1] The filed version of the Petition did not include page 19 with paragraphs 40-44 of that pleading. Petitioner's fourth cause of action also may have been on that page.

[2] According to the Second Circuit's docket for this case, on June 19, 2008, that court held the appeal in abeyance pending decision by the Board of Immigration Appeals on petitioner's

subject to indefinite detention or that there are barriers to his repatriation to Jamaica (id. at 11). They argue that this Court lacks jurisdiction to consider the merits of petitioner's contentions because his pending appeal in the Second Circuit is the better forum for these contentions (Docket No. 9, Resp'ts Memo. at 3). Finally, petitioner's claim of United States citizenship can only be contested before the Second Circuit; this Court lacks jurisdiction to consider that claim (id. at 3), see 8 U.S.C. § 1252(b)(5).

*Related Issues Raised in El Hamyani*

Petitioner also filed notice that the habeas petition in El Hamyani v. Mule, No. 08CV394A, pending before this Court, raised "issues related to Petitioner's habeas petition" (Docket No. 5), without specifying further what those issues were. The petitioner in El Hamyani was detained on a mandatory detention provision of the Immigration and Nationality Act, 8 U.S.C. § 1226(c)(1)(D), and had a hearing as to the merits of his removal (El Hamyani, 08CV394, Docket No. 1, Pet. ¶¶ 11, 13). The petitioner there had been detained for over eight months when he filed his Petition (id. ¶ 17). He alleged violation of § 236(c)(1)(D) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c)(1)(D), and due process violation for the prolonged detention (id. ¶¶ 18-22, 23-27). But the El Hamyani case was dismissed on July 14, 2008, No. 08CV394, Docket No. 22, because he was released from custody. Therefore, petitioner's notice (Docket No. 5) is now **moot**.

---

motion to reopen.

**DISCUSSION**

I.    Real ID Act and District Court Jurisdiction

Congress enacted the Real ID Act, Pub. L. No. 109-13, 119 Stat. 231, Div. B (May 11, 2005), to restrict district court jurisdiction over immigration appeals, with most petitions now being heard by the United States Courts of Appeals. This Court is deprived of jurisdiction over challenges to the validity of removal orders. While the Real ID Act deprived district courts of jurisdiction over immigration habeas petitions generally, that act did not eliminate district court jurisdiction over an alien's challenge to his immigration detention. See Hernandez v. Gonzales, 424 F.3d 42 (1st Cir. 2005). Petitioner here, however, wishes (in part) to argue the merits of the removal proceedings (Docket No. 1, Pet. ¶¶ 19-21 (claims of derivative citizenship)). But when Congress enacted the Real ID Act, it removed jurisdiction to hear the removal issues petitioner argues from this Court and vested that jurisdiction in the United States Courts of Appeals. This Court can consider only issues surrounding his continued detention and **should not address his derivative citizenship contentions**. Thus, this Court next considers the merits of petitioner's contentions regarding his detention.

II.    Zadvydas and Period for Removal

The Immigration and Nationality Act gives the Attorney General initially ninety days to remove an alien, 8 U.S.C. § 1231(a)(1)(A), and allows for detention of the alien during that ninety day period, id. § 1231(a)(2), and further detention beyond the ninety-day removal period if an alien is ordered removed as a result of (among other causes) his violations of criminal law, id. § 1231(a)(6); see Zadvydas v. Davis, 533 U.S. 678, 682 (2001). The Supreme Court defined what constituted "reasonable time" for detention under 8 U.S.C. § 1231 beyond that initial

ninety-day removal period in Zadvydas, 533 U.S. 678. Under Zadvydas, the government can hold him only for up to six months as a presumptively reasonable period of detention following the initial ninety-day removal period. 533 U.S. at 701. The longer an alien like petitioner subsequently is detained, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

This ninety-day period may be stayed. Under 8 U.S.C. § 1231(a)(1)(B)(ii), this ninety-day removal period would resume "if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, [on] the date of the court's final order." Petitioner is incorrect in concluding that § 1231 does not address the situation of a detention of an individual whose removal order has been judicially stayed (cf. Docket No. 10, Pet'r Reply at 3); the section expressly provides that the period resumes upon the lifting of the judicial stay.

Petitioner's own actions in seeking judicial review of his removal has stayed the removal order and stopped the removal period "clock" while the Second Circuit's stay remains in place. Whether his detention is pursuant to § 1231 (as respondents argue) or § 1226 (as contended by petitioner), his detention pending removal without a bond hearing, does not violate substantive due process as long as his removal remains reasonably foreseeable, Wang v. Ashcroft, 320 F.3d 130, 147 (2d Cir. 2003) (Docket No. 9, Resp'ts Memo. at 14-15). Assuming an adverse decision by the circuit court and the lifting of the stay, the ninety-day period resumes and petitioner's removal is reasonably foreseeable. Thus, petitioner's continued detention is reasonable and his Petition for habeas relief should be **denied**. Given this proposed disposition, petitioner's motion for an expedited hearing is now **moot**.

## CONCLUSION

Based upon the above, it is recommended that the Petition for Habeas Corpus (Docket No. 1) be **denied** and petitioner's motion for expedited hearing (Docket No. 11) be **denied as moot**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
January 14, 2009